HENRY WILSON *v.* CHARLES HARRIS *et al.*

(No. 7478)

Submitted October 18, 1932. Decided October 25, 1932.

654

*Charles Ritchie* and *Philip H. Hill*, for relator. . 
*John J. D. Preston*, for respondents.

WOODS, JUDGE:

By this proceeding, Henry Wilson, now a legal voter in voting precinct No. 49-A, in the city of Charleston, and who was formerly a legal voter at precinct No. 33, where he was duly registered as such and voted in the May, 1932, primary election, seeks to compel, by mandamus, Charles Harris and Katherine Cabell, registrars in said first named precinct to register him as a voter therein. The reason for refusing to register him, given by the respondents, is that he failed and refused to present to them a certificate of transfer, the issuance of which is provided for in section 8, article 2, chapter 3, Code 1931. Petitioner claims that a plain duty rested upon the registrars (respondents) to register him without such certificate of transfer. The registrars were warranted in refusing petitioner registration, but not for the reasons given.

The registration laws contemplate but one registration of the voter in a county at the registration held before the election. When that is done and he afterwards moves from the precinct where registered into another precinct in the county he cannot again be registered until he presents himself to the election officers of the precinct of his residence and presents to them the certificate of transfer as provided in said section 8, article 2, chapter 3, Code. He has no right to present the certificate of transfer to the registrars of the precinct to which he has removed and be registered; and the registrars have no authority to register him upon presentation to them of such certificate of transfer.

It was argued at the bar that such construction of the statutes as here given would place the registered voter who moved from the precinct where registered upon an inequality with other registered voters because the election commis-

sioners would have the power to refuse to register him, and refuse to allow him to vote upon presentation of the certificate of transfer, because in their opinion he was not a resident of that precinct. It is a serious offense arbitrarily to deprive a legally qualified citizen of the franchise of the ballot, and adequate penalties are prescribed. Besides, refusal on such ground is tantamount to a challenge of the voter's right to vote, and section 25 of article 5 of said chapter must be ·considered. That section provides that upon challenge by a commissioner or poll clerk of a registered voter of the precinct, or one who presents to the election commissioners a proper certificate of transfer from another precinct to the one in which he seeks to vote, the person challenged shall be permitted to vote; thus conserving to the voter who has been duly registered and who has removed from the precinct of original registration his equal status with other legally registered voters.

*Writ denied.*